# Richmond.

ROBINSON v. CHRISTIAN.

March 20, 1916.

1. STATUTES—*Civil and Police Justice—Constitutional Law.*—The act of
March 20, 1914 (Acts, 1914, p. 229), providing for the election of
a civil and police justice in certain cities, and the act of February
11, 1915, amendatory thereof (Acts 1915, p. 69) are valid and
constitutional enactments.

Original application for a *mandamus.*

*Writ awarded.*

The petitioner, E. S. Robinson, filed his petition in this court
asking the court to compel T. J. Christian to vacate the office of
police justice of the city of Newport News, and to deliver to
him all the records, books and papers pertaining to the office.
The petition sets forth the passage of two acts of assembly
referred to in the judgment of the court creating the office of
civil and police justice for certain cities, including the city of
Newport News, and transferring to it the jurisdiction and
powers of the former police justice. He then sets forth the
election held in pursuance of said acts of assembly and his
qualification thereunder. After setting out other matters of
detail, he avers he made formal demand on T. J. Christian, who
had formerly acted as police justice of the city, to turn over
and transfer to him, as civil and police justice, all warrants,
proceedings and claims of whatever nature within the juris-
diction conferred by said acts upon civil and police justices,
that were pending before him, in order that he might proceed
to the determination of the cases as prescribed by said acts, and
demanded that said Christian should forthwith vacate the office
of police justice of said city, as it had terminated by operation

of law; but that Christian refused to comply with any of said demands, and still refuses to do so, and continues without legal authority to exercise the functions of police justice of the city. The petition concludes with a prayer that "this honorable court may issue a peremptory writ of *mandamus* directed to the said T. J. Christian, commanding and compelling him to forthwith vacate the purported office of police justice of Newport News, Virginia; to deliver to this petitioner all records, books and papers pertaining to the said purported office; to desist from doing any act or attempting to do any act within the jurisdiction heretofore possessed by the police justice of the city of Newport News; that he, the said T. J. Christian, transfer and deliver to petitioner all warrants, proceedings and claims of whatever nature within the jurisdiction conferred by the act of March 20, 1914, and the act of February 11, 1915, upon petitioner as civil and police justice, that may be pending before him, the said T. J. Christian, under color of police justice of the city of Newport News; to the end that petitioner may conduct such further procedure and determination in accordance with the powers and duties of his office as may be necessary, and provided for by law. And petitioner further prays for all such other, further and general relief as the nature of his case may require."

The defendant filed his answer to this petition, and after making various admissions and sundry objections of a minor nature, rests his defense chiefly on the ground of the unconstitutionality of the two acts aforesaid. The reasons assigned by him why he thinks said acts unconstitutional are set forth in paragraphs fifteen, sixteen, seventeen, eighteen, and nineteen of his answer to the petition, in the following words:

"15. The defendant says that the pretended act, chapter 142 of the Acts of Assembly, 1914, was unconstitutional and void, for the reason that the same is a special act, and was not passed in complaince with the provisions of section 117 of the Constitution of Virginia, as amended, in this:

"(a)    That the said act was not passed by a recorded vote of two-thirds of the members elected to each house, but received less than two-thirds; that said bill received in the house 64 yeas and 1 nays (House Journal, 845), and in the senate 25 yeas and no nays (Senate Journal, 800); that the members elected to the house were 100, and to the senate 39.

"(b)    That said act was not passed in the manner provided in article four of the Constitution, in that said act was never referred to or considered by the standing committee on special, private and local legislation authorized by section 51 of article four of said Contsitution, nor was said act ever returned from said committee to the house in which it originated with a statement in writing whether the object of the bill can be accomplished under general law or by court proceedings; nor was said joint committee discharged from the consideration of said bill by the house in which it originated.

"The said committee was duly appointed, as will appear from House and Senate Journals, page 38.  The said journals for the session 1914 are asked to be read as a part hereof.  The references to said bill are as follows: House Journal, pages 558, 566, 652, 783, 845, 987 and 1059, and in Senate Journal, pages 674, 688, 748, 800 and 844.

"16.    Said pretended act is unconstitutional and void for the further reasons:

"(a)    That said act violates subsection three of section 63 of article four of said Constitution in this, that said act is a local special and private law regulating the practice in judicial proceedings or inquiry before the courts, or other tribunals, and providing and changing the methods of collecting debts and enforcing payments.

"(b)    That said act violates subsection four of section 63 of article four of the Constitution of Virginia, in decreasing and authorizing to be decreased the salaries, fees, percentages or allowances of the justices of the peace of the cities of Newport News and Alexandria during the terms for which they were elected or appointed.        ·

"(c)  That said act violates section 98 of article six of the Constitution of Virginia, in that the said act undertakes, for the purpose of a judicial system, to divide the cities of the State into other classes than those provided for in said section of said Constitution.

"(d)  That said act violates section 98 of article six of the Constitution of Virginia, in that the said act, for the purposes of a judicial system, adds other classes to the classes in said section of said Constitution provided.

"(e)  That said act seeks to provide an additional court in the cities of Alexandria and Newport News, while the population in each of said cities is less than 30,000 inhabitants, all of which is in violation of section 98 of article six of the Constitution of Virginia, and also in violation of section 87 of said article.

"(f)  That said act seeks to provide a court and judicial tribunal not contemplated by, provided for or authorized by article six of the Constitution of Virginia, or any section thereof, but in entire disregard of said article.

"(g)  That said act seeks to classify certain cities of the State according to population, and yet includes only two of said class, namely, Alexandria and Newport News, while it excludes others of the same class, namely, Danville, Roanoke, Lynchburg, Portsmouth, Petersburg and Staunton.

"(h)  That the classification sought to be made by said act between the cities containing 10,000 inhabitants and less than 45,000 inhabitants, as determined by the latest United States census, and other cities of the State, is arbitrary, illusive, and based upon no substantial distinction between the different classes sought to be created.

"(i)  That said act is special and intended to apply only to the cities of Newport News and Alexandria, and was enacted without conformity to the requirements of section 117 of the Constitution of Virginia, and sections 50 and 51 in the particulars mentioned in paragraph 15.

49

"(j)   That if said act creates a justice of the peace, it violates section 32 of the Constitution, which provides that every person qualified to vote shall be eligible to any office of the State, or of any county, city, town or other subdivision of the State, wherein he resides; while said act provides that the so-called special justice of the peace therein provided for at the time of his election shall have practiced law in this State for at least five years.

"(k)   The said act creates a city court of record and violates section 99 of article six of the Constitution, in that said act provides for the election of said civil and police justice by the qualified voters of the city, while by said section 99 the judge of each city court of record is required to be chosen by the joint vote of the two houses of the General Assembly.

"(l)   That said act is class legislation, imposing unnecessary and iniquitous burdens from which others of the same class are exempt.

"(m)   That said act violates section 52 of the Constitution of Virginia, because said act embraces more than one object which is not expressed in its title, in this:

"(m1)   That said act seeks to create a court, which object is not expressed in the title.

"(m2)   That said act seeks to provide a so-called special justice of the peace in only two of the cities of the State, to-wit, the cities of Alexandria and Newport News, which object is not expressed in the title.

"(m3)   That said act seeks to provide for the repeal of the charters of the city of Newport News, and the city of Alexandria, in so far as that said charters are in conflict with said act, while said act seeks to continue in force the charters of the cities of Danville, Roanoke, Lynchburg, Portsmouth, Petersburg and Staunton, though in conflict with said act, which object is not stated in the title.

"(m4)  That said act seeks to regulate procedure and rules of practice in the court of said justice, which object is not expressed in the title.

"(n)  That the bill did not receive the readings required by section 51 of the Constitution, nor do the journals show that any emergency existed for dispensing with the same.

"(o)  That said act is unconstitutional and void because it violates section 117 of the Constitution of Virginia, which prohibits the enactment of any special law except in cities having more than 50,000 inhabitants.

"17.  This defendant says that by reason of the unconstitutionality of said pretended act of 1914, this defendant was properly elected, and upon his qualification became police justice of Newport News, Virginia, for the term of two years beginning January 1, 1915, and expiring December 31, 1916. The said defendant was such police justice when the legislature undertook to pass the pretended act of 1915, chapter 45, Acts of Assembly, 1915, page 69.  The defendant says that the pretended act passed at the extra session of the General Assembly of Virginia, 1915, is unconstitutional and void for the same reasons assigned in the 15th and 16th paragraphs hereof, with the following exceptions, however: that this last act did receive a recorded vote of two-thirds of the members elected to each house, and (b) that where Alexandria is mentioned in foregoing sections 16 b, e, i and m2, it is omitted when the objections are applied to this act;  (c) that in foregoing sections 16 g and m3 when applied to this act Alexandria is to be omitted from the class with Newport News and transferred to the class including the other cities mentioned.

"The said defendant says that there was a committee on special, private and local legislation;  that the law was not referred to said committee, as required by the Constitution, and the proceedings prescribed by said Constitution were not observed;  that the act of 1915 is in the same language as the

act of 1914, except that Alexandria is included in the excepted class of cities, leaving the act applicable only to Newport News. Reference is here made to House Journal, 1915, pages 211, 214, 235, 274, and Senate Journal, 1915, pages 33, 197, 199, 200, 237, and to such pages of said journals immediately preceding and following said bill as pertain to said bill.

"18.    Said Christian claimed and claims that the said act of 1915 is unconstitutional and void for the further reason: That the act purported to amend and re-enact an act which was itself void, and could have no greater effect than the act of 1914.

"19.    Said defendant says that said act of 1915 if otherwise valid could not operate to divest him of the office to which he had been duly elected, and that to give it such force and effect would be in violation of subsection four of section sixty-three of article four of the Constitution of Virginia in decreasing and authorizing to be decreased the salaries, fees, percentages or allowances of said Christian during the term for which he was elected, to-wit, to January 1, 1917."

*S. O. Bland,* for petitioner.

*S. Gordon Cumming,* for defendant.

JUDGMENT OF THE COURT.

This day came again the parties, by counsel, and the court having maturely considered the petition of the plaintiff, the answer of the respondent and the exhibits filed therewith and arguments of counsel, is of opinion, that the petitioner, E. S. Robinson, is the duly elected and qualified civil and police justice of the city of Newport News pursuant to constitutional and validly enacted statutes, and that on and since January 1, 1916, he has been unlawfully deprived of the powers, duties and emoluments incident to the said office by the respondent, T. J. Christian.

It is therefore adjudged and ordered that a peremptory writ of *mandamus* do forthwith issue directed to the said T. J. Christian commanding and compelling him to forthwith vacate the office of civil and police justice of the city of Newport News, Virginia; to deliver to the petitioner all records, books and papers pertaining to the said officer; to desist from doing any act, or attempting to do any act within the jurisdiction heretofore possessed by the police justice of the city of Newport News; that he, the said T. J. Christian, transfer and deliver to the petitioner all warrants, proceedings and claims of whatever nature within the jurisdiction conferred by the act of March 20, 1914 (Acts 1914, p. 299), and the act of February 11, 1915 (Acts 1915, p. 69), upon petitioner as civil and police justice, that may be pending before him, the said T. J. Christian, under color of police justice of the city of Newport News, and that the petitioner recover of the respondent his costs by him incurred about these proceedings.

And it is further awarded that the service of a copy of this order upon the said respondent shall have the same force and effect as if a peremptory writ of *mandamus* was duly issued and served according to law.

*Writ awarded.*